

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 NOV 18 A 10: 54

A. G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 00-308** |
| v. | * | **SECTION: "S"** |
| **RAYMOND VINCENT** | * | |

* * *

## RULE TO REVOKE SUPERVISED RELEASE

**NOW INTO COURT** comes the United States of America, through the undersigned Assistant United States Attorney, and respectfully represents the following:

I.

On January 25, 2001, the defendant, Raymond Vincent, appeared before this Honorable Court and pled guilty to violating Title 18, United States Code, Sections 371, 1341, 1343, and 2, relative to conspiracy, mail fraud and wire fraud. On May 9, 2001, the defendant was sentenced to a term of 27 months in the custody of the Bureau of Prisons, to be followed by five years of supervised release. The defendant was also ordered to pay restitution in the amount of $1,437,293.26 (copy attached as Exhibit 1).

II.

As set forth in the attached Petition for Warrant or Summons for Offender Under Supervision (copy attached as Exhibit 2) the defendant has violated the conditions of his supervised release in the following respects:

DATE OF ENTRY
NOV 1 9 2004

___ Fee_____
___ Process____
_X_ Dktd_____
_X_ CtRmDep___
___ Doc. No.___

1. On January 7, 2003, Vincent was arrested by personnel of the Kenner Police Department and charged with access device fraud and monetary instrument abuse. These charges are currently pending in 24th Judicial District Court.

2. On October 8, 2004, Vincent was arrested by personnel of the Jefferson Parish Sheriff's Office and charged with monetary instrument abuse, theft over $500 and theft over $300. The charge of theft over $300 was accepted by the Jefferson Parish District Attorney's Office. Vincent is scheduled to appear on November 22, 2004 in Division "F" of the 24th Judicial District Court under docket number 047020.

3. Vincent has failed to pay restitution in the amount of $600.00 per month as ordered. His current balance is $1,064,287.79.

4. Vincent has failed to submit monthly supervision reports within the first five days of each month for the months of December 2002; January, June, July and September 2003; February, March, April, June, July, August and September 2004.

5. Vincent provided false information to the probation office regarding his employment in September and October 2004.

6. Vincent had contact with convicted felon Chad Thomas in August 2002 without permission.

7. Vincent failed to report that he was arrested on October 8, 2004 within 72 hours of the arrest as ordered.

**WHEREFORE**, the Government prays that the defendant, Raymond Vincent, be brought before this Court and a copy of this rule be served upon him, and that he be ordered to show cause, if any he can, on the **1st** day of **December, 2004**, at **2:00 p.m.**, 500 Poydras Street, Room

C414, New Orleans, Louisiana, why his supervised release should not be revoked for violation of the terms and conditions of his supervised release.

                                    Respectfully submitted,

                                    JIM LETTEN
                                  UNITED STATES ATTORNEY

                                  _____
                                  CARTER K. D. GUICE, JR.
                                  Asst. United States Attorney
                                  Bar Roll No. 16771
                                  Hale Boggs Federal Building
                                  500 Poydras Street, Room B210
                                  New Orleans, Louisiana 70130
                                  (504) 680-3072

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this _____ day of _____, 2004.

_____
Assistant United States Attorney

- 3 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 00-308** |
| v. | * | SECTION: "S" |
| **RAYMOND VINCENT** | * | |

\* \* \*

### ORDER

**IT IS HEREBY ORDERED** that the defendant, Raymond Vincent, be brought before this Court, a copy of this rule be served upon him, and that he show cause, if any he can, on the **1st** day of **December, 2004**, at **2:00 p.m.**, why the supervised release granted by the United States District Court for the Eastern District of Louisiana, should not be revoked for violations of the terms and conditions of his supervised release.

New Orleans, Louisiana, this _18_ day of _November_ 2004.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 00-308** |
| v. | * | SECTION: "S" |
| **RAYMOND VINCENT** | * | |
| | * * * | |

### NOTICE OF HEARING

TO: Raymond Vincent
   4718 East Adams Court
   New Orleans, LA 70127

**PLEASE TAKE NOTICE** that the undersigned will bring the attached Rule to Revoke Supervised Release before the Honorable Mary Ann Vial Lemmon, United States District Judge, at 500 Poydras Street, Room C414, New Orleans, Louisiana, on the **1st** day of **December, 2004** at **2:00 p.m.**

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

_____
CARTER K. D. GUICE, JR.
Asst. United States Attorney
Bar Roll No. 16771
Hale Boggs Federal Building
500 Poydras Street, Room B210
New Orleans, Louisiana 70130
(504) 680-3072

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  MAY 1 1 2001

LORETTA G. WHYTE
CLERK

UNITED STATES OF AMERICA

VS.  RAYMOND P. VINCENT    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      00-308-4 "S"
                          (SOC.SEC. NO.)    (CASE NO./SEC.)

CRIMINAL ACTION

GOVERNMENT EXHIBIT 1

JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government,   Month   Day   Year
the defendant appeared in person on this date --------( May    9    2001

__WITHOUT COUNSEL   However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

X WITH COUNSEL    Ralph Capitelli 1100 Poydras St., Ste. 2950 New Orleans, La. 70163

Court Reporter's Name: Dee Malouse and Betty DiMarco; U.S. Probation Officer: Cindy A. Arnold

PLEA:  __GUILTY, and the court being satisfied   __NOLO CONTENDERE   __NOT GUILTY
       that there is a factual basis for the plea.
       There being a finding
                ( X   GUILTY on January 25, 2001
Defendant has been convicted as charged of the offense(s) of 18:371; 1341; 1343; 2
BILL OF INFORMATION FOR CONSPIRACY, MAIL FRAUD AND WIRE FRAUD (Counts 1,2, and 3)

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 27 months as to Counts 1,2, and 3, to be served concurrently. It is further ordered that the defendant make restitution to AutoPay Data Processing, care of Monique Dalby at 120 East Baltimore St., Baltimore, Maryland, 21202 in the amount of $369,405.47, to Electronics Funds Transfer Company, 9856 Business Park Drive, Sacramento, California 95827 in the amount of $127,442.88, to Authorized.Net Corporation of Provo, Utah, 3311 N. University Avenue, Provo, Utah 84604 in the amount of $904,051.85, and to ACH Processing of Wrens, Georgia, 300 Broad Street N.E., Wrens, Georgia 30833 in the amount of $36,393.06 for a total amount of $1,437,293.26. No further payment shall be required after the sum of the amounts actually paid by all other defendants in this case has fully covered all of the compensable injuries. Any payment made by the defendant shall be divided among the persons named in proportion to their compensable injuries. The Court waives the payment of interest on the restitution. The payment of the restitution of $1,437,293.26 shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at a rate of $600.00 per month. Upon release from imprisonment the defendant shall be placed on supervised release for a term of five years. This term consists of a term of three years on Count 1 and term of five years on each of Counts 2 and 3, all such terms to run concurrently. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court and shall not possess a firearm. In addition, the following special conditions are imposed: 1) The defendant shall make complete disclosure of his personal and business finances and submit to an audit of his personal financial records as directed by the probation officer; 2) The defendant shall refrain from opening new lines of credit or incurring new charges without the permission of the probation officer; 3) The defendant shall participate in an orientation and life skills program as directed by the probation officer; 4) The defendant shall pay any restitution that is imposed by this judgment. The Court finds that the defendant does not have the ability to pay a fine and thus waives the fine in this case.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment in the total amount of $300.00 as to Count(s) 1,2, and 3

IT IS FURTHER ORDERED that the defendant notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. In addition to the special conditions of probation imposed above, IT IS HEREBY ORDERED that the general conditions of probation/supervised release set out on the reverse side be imposed.

IT IS FURTHER ORDERED:
[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.
[ ] The court has determined that the defendant does not have the ability to pay interest. The interest requirement is (waived) (modified as follows):

SIGNED BY:                                          CERTIFIED AS A TRUE COPY
XX U.S. District Judge                              ON THIS DATE 5-14-01
MAY 1 1 2001                                        BY:

Prob12C (7/93)

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana
### PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** RAYMOND PAUL VINCENT       **Case Number:** 053L 2:00CR308-004S

**Name of Sentencing Judicial Officer:** Honorable Mary Ann Vial Lemmon

**Offense:** 18 USC 371 - Conspiracy to Commit Mail and Wire Fraud; 18 USC 1341 - Mail Fraud; 18 USC 1343 - Wire Fraud

**Date of Sentence:** May 09, 2001

**Sentence:** 27 months custody of the Bureau of Prisons as to Counts 1, 2 and 3, to run concurrently. Three years supervised release as to Count 1 and a five year term of supervised release as to Counts 2 and 3 were ordered to follow. Restitution in the amount of $1,067,887.79, and a $300.00 special assessment fee were also ordered. On February 5, 2002, Your Honor deleted the requirment to pay restitution to Autopay Data Processing Services, Inc., leaving a total restitution order of $1,067,887.79.

**Special Conditions:**

1. Financial disclosure
2. Financial restriction
3. Orientation and life skills
4. Pay any restitution imposed
5. Residence at VOA/CSC for four months (added on December 13, 2002)
6. Mental Health Treatment (added on March 24, 2003)

GOVERNMENT EXHIBIT 2

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** November 23, 2001
**Assistant U.S. Attorney:** Carter Guice       **Defense Attorney:** Ralph Capitelli

---

### PETITIONING THE COURT

[ X ] To issue a warrant       [ ] To issue a summons

For the arrest of Raymond Paul Vincent for alleged violations of Supervised Release, and that he be brought before this court to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| Mandatory Condition | Vincent was arrested by personnel of the Kenner Police Department on January 7, 2003, and charged with access device fraud and monetary instrument abuse. These charges are currently pending in 24th Judicial District Court. |
| Mandatory Condition | Vincent was arrested by personnel of the Jefferson Parish Sheriff's Office on October 8, 2004, and charged with monetary instrument abuse, theft over $500 and theft over $300. The charge of theft over $300 was accepted by the Jefferson Parish District Attorney's Office. Vincent is scheduled to appear on November 22, 2004 in Division F of the 24th Judicial District Court under docket number 047020. |
| Special Condition No. 4 | Vincent has failed to pay restitution in the amount of $600.00 per month as ordered. His current balance is $1,064,287.79. |
| Standard Condition No. 2 | Vincent has failed to submit monthly supervision reports within the first five days of each month for the months of December, 2002; January, June, July and September, 2003; February, March, April, June, July, August and September 2004. |

DATE OF ENTRY NOV - 9 2004

| | |
|---|---|
| Standard Condition 3 | Vincent provided false information the probation office regarding his employment in September and October, 2004. |
| Standard Condition No. 9 | Vincent had contact with convicted felon Chad Thomas in August, 2002 without permission. |
| Standard Condition No. 11 | Vincent failed to report that he was arrested on October 8, 2004 within 72 hours of the arrest as ordered. |

**CUSTODIAL STATUS:** Raymond Vincent is not in custody at this time.

_____
Jill M. Schneckenburger
U.S. Probation Officer
November 03, 2004

REVIEWED BY:
_____
Matthew G. Arseneaux
Supervising U. S. Probation Officer

---

## THE COURT ORDERS

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

11/9/04
Date

**Address of Offender:** 4718 East Adams Court
New Orleans, LA 70127

**CLERK'S OFFICE**
A TRUE COPY

NOV - 9 2004

Deputy Clerk, U.S District Court
Eastern District Of Louisiana
New Orleans, La

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING ONLY:
  Original       - Clerk's Office
  1 Copy Certified  - U.S. Attorney
  1 Copy Certified  - U.S. Marshal's Office
  2 Copies Certified - U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING

JILL N. BENOIT
CHIEF PROBATION OFFICER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
PROBATION OFFICE

501 MAGAZINE STREET, ROOM 565
NEW ORLEANS, LOUISIANA 70130

RECEIVED

November 5, 2004

NOV 8 2004

Honorable Mary Ann Vial Lemmon
United States District Judge
500 Poydras Street, Room C-406
New Orleans, Louisiana 70130

U S DISTRICT JUDGE
MARY ANN VIAL LEMMON

RE: VINCENT, Raymond P.
Dkt. No.: 053L 2:00CR00308-004S
REQUEST FOR WARRANT

Dear Judge Lemmon:

As Your Honor may recall, Vincent was sentenced on May 9, 2001, after having been convicted of a conspiracy to commit mail fraud and wire fraud (Count 1), mail fraud(Count 2) and wire fraud(Count 3). Your Honor sentenced him to 27 months custody of the Bureau of Prisons, as to each count to run concurrently. He was further ordered to serve a three year term of supervised release, as to Count 1 and five years, as to Counts 2 and 3, to run concurrently. He was also ordered to pay restitution in the amount of $1,437,293.26 and a $300.00 special assessment fee. On February 5, 2002, Your Honor amended Vincent's judgement and commitment order to delete the requirement to pay restitution to Autopay Data Processing Services, Inc. in the amount of $369,405.47, leaving a total restitution order of $1,067,887.79.

Vincent's term of supervised release commenced on November 23, 2001. It appeared that he was doing well on supervision until he was arrested by the Kenner Police Department on January 27, 2003 and charged with access device fraud and monetary instrument abuse. As a result of the investigation of these charges, on December 13, 2002, Vincent was placed in the Volunteers of America Comprehensive Sanction Center to increase monitoring. Vincent continued to commit technical violations of his supervised release by failing to report and pay restitution as ordered. He was once again arrested on October 8, 2004, by personnel of the New Orleans Police Department, and charged with monetary instrument abuse and theft over $500 and theft over $300. It appears that Vincent is not amenable to supervision and revocation is appropriate.

If Your Honor agrees with this recommendation, Probation Form 12C, Petition for Warrant for Offender Under Supervision, is attached for Your Honor's signature. It is this officer's intention to recommend halfway house placement at the initial appearance hearing.

Respectfully,

Jill M. Schneckenburger
U. S. Probation Officer

JMS
Attachment

REVIEWED BY:

Matthew G. Arseneaux
Supervising U.S. Probation Officer