

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 00-0308 |
| RAYMOND P. VINCENT | SECTION: "S" (4) |

### JUDGMENT REVOKING SUPERVISED RELEASE

The government in this case has filed a "Rule to Revoke Supervised Release," in which it requests that this court revoke the sentence of supervised release imposed on defendant Raymond P. Vincent.

I. HISTORY OF THE CASE

   Raymond Vincent pleaded guilty to conspiracy to commit mail fraud and wire fraud (count one), mail fraud (count two), and wire fraud (count three). Vincent was sentenced to a term of imprisonment of 27 months as to counts one, two, and three, to be served concurrently, followed by concurrent terms of supervised release of five years. He was ordered to pay restitution in the amount of $1,437,293.26 and $300 special assessment. The judgment and commitment order was amended to delete the requirement to pay restitution to Autopay Data Processing Services, Inc. in the amount of $369,405.47, leaving a total restitution order of $1,067,887.79.

   In addition to the standard and mandatory conditions of supervision, Vincent was required to make complete disclosure of his personal and business finances and submit to an audit of his personal financial records, refrain from opening new lines of credit or incurring new charges without the permission of his probation officer, participate in an orientation and life skills program, and pay restitution that remains unpaid at the commencement of the term of supervised release. The term of supervised release commenced on November 23, 2001.

II. COURT'S FINDINGS

Based on the evidence presented, the court finds that the defendant, Raymond Vincent, violated the conditions of his supervised release in the manner alleged by the Government in the "Rule to Revoke Supervised Release."

Specifically, the parties stipulate that the following information is accurate:

On January 7, 2003, Vincent was arrested by personnel of the Kenner Police Department, charged with access device fraud and monetary instrument abuse, and the charges were refused.

On October 8, 2004, Vincent was arrested by personnel of the New Orleans Police Department and transferred to the Jefferson Parish Sheriff's Office where he was charged with monetary instrument abuse and theft over $300. Vincent failed to report the arrest to his probation officer within 72 hours of the arrest. Vincent pleaded guilty to the charges in Jefferson Parish and was sentenced to a term of imprisonment of 18 months, to run concurrently with any term of imprisonment imposed in federal court if his supervised release were revoked.

When the owners of The Rim Shop where Vincent was employed decided not to sign a new lease when the lease expired in August 2004, Vincent decided to take over the business and entered a month-to-month arrangement with the landlord. He did not report his agreement to take over the business to his probation officer and continues to deny that he was running a business.

Vincent has failed to pay restitution in the amount of $600 per month as ordered. His current balance is $1,064,287.79. Vincent failed to submit monthly supervision reports within the first five days of each month for the months of December 2002; January, June, July, and September 2003; February, March, April, June, July, August, and September 2004.

III. SENTENCE IMPOSED

The Court finds, pursuant to the Advisory Committee notes to the 1979 addition to Federal Rule of Criminal Procedure 32.1, that it would unduly depreciate the seriousness of the defendant's violation if supervised release were not revoked.

Vincent's original offense were Class D (count one) and Class B (counts two and three) felonies, and he was sentenced to terms of supervised release of three years (count one) and five years (counts two and three). Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, he is facing a maximum statutory penalty of two years of incarceration (count one) and three years incarceration (counts two and three).

The court has also considered the policy statements contained in Chapter 7 of the United

States Sentencing Guidelines, which are not binding on the court, in connection with this case. According to § 7B1.4, Vincent's violations are classified as Grade B violations. His criminal history is category I, and the policy statement of the guidelines provides a range of imprisonment is four to ten months.

In addition, because the original offense occurred after September 13, 1994, reimposition of supervised release is available. The court may impose of term of supervised release of no more than thirty-six months as to count one and 60 months as to counts two and three, less any term of imprisonment imposed at revocation pursuant to 18 U.S.C. § 3583(h).

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this court that the defendant's term of supervised release imposed on May 9, 2001, is revoked, and the defendant is committed to the custody of the Bureau of Prisons for a period of two years as to count 1, two years as to count 2, and six months as to count 3, to run concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 54 months as to count 3. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this court and shall not possess a firearm. In addition, the following special conditions of supervised release are ordered:

1) The financial disclosure condition. The defendant shall make complete disclosure of his personal and business finances and submit to an audit of his personal financial records, as directed by the United States probation officer.

2) The financial restriction condition. The defendant shall refrain from opening new lines of credit or incurring new charges without the permission of the United States probation officer.

3) The defendant shall pay restitution in the amount of $1,064,287.79.

4) The defendant shall not be employed in any fiduciary capacity.

5) The defendant shall not purchase, possess, control or have access to any computer without the permission of the United States Probation Office. The defendant shall not access computers via third parties.

It is recommended that the Bureau of Prisons place Vincent in an institution where he can be near his two minor children.

It is further ordered that Raymond P. Vincent surrender to the institution designated by the Bureau of prisons on or before May 11, 2005 before 12:00 noon.

New Orleans, Louisiana, this __3__ day of April, 2005.

*Mary Ann Vial Lemmon*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**